**BOARD OF PARK COMMISSIONERS OF THE CLEVELAND METROPOLITAN PARK DISTRICT, Plaintiff-Appellee, v. BAY VILLAGE (City) et, Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24046.   Decided April 24, 1957.

Baskin, Kelley. Lausche, & Heavilin, for plaintiff-appellee.

L. W. Kempf, Director of Law, City of Bay Village, for defendants-appellants.

## OPINION

Per CURIAM:

This appeal on questions of law comes to this court from a judgment entered for the plaintiff seeking a declaratory judgment as to the Park Board's right to build and conduct a refreshment stand within its park located on Lake Erie within the city of Bay Village. That part of plaintiff's park wherein the Board seeks the right to erect a refreshment stand is located within a district zoned by the city for single residence purposes.

The case was tried on stipulations of fact, the pleadings and arguments of counsel. It is, therefore, undisputed that the Park Board, acting within its statutory authority, purchased and now uses for park and recreational purposes a substantial number of acres of land fronting both sides of West Lake Road, its most northerly border being the shores of Lake Erie. The part of this large area lying north of West Lake Road fronting on the lake and known as "Huntington Park" has been improved as a picnic area, including a bath house, shelter houses, parking area and the like. It is within this area that the Park Board now seeks to build a small refreshment stand.

The trial court found from the stipulated facts that the operation of such a stand, located and used in the manner stipulated, would not constitute a nuisance. We are in full accord with this conclusion.

The only remaining question is whether or not the Park Board, in the exercise of its statutory powers of creating a Metropolitan Park System in the interests of the public health, morals, and safety, may or has the power to create upon its land the things needed and necessary to afford the public the greatest enjoyment of its recreational facilities even if such facility is in violation of a zoning ordinance of a city within which the Park created by the Board is situated.

The operation of a small refreshment stand in a large park or picnic area here established by the Park Board which is used as extensively as is here shown to be true by the evidence by picnickers and bathers, is a very necessary part of the service of such a public facility and is an accessory use of the land devoted to park purposes of this character. Such use comes within the zoning restrictions of the city as a permissive use. The greatest benefit to the public in the use of this park facility will be served by such activity.

It is concluded, therefore, that where the operation of a refreshment stand does not destroy any of the security or value or enjoyment of the use of the residential land in the surrounding residential area, it being clearly shown that such activity will not be a nuisance by reason of the manner of operation and the proposed location, the Park Board acted clearly within its statutory power in proposing to erect and operate such stand in the interests of public health and to provide for the recreational needs of the people to the fullest extent.

The judgment of the Court of Common Pleas is, therefore, affirmed.

SKEEL, PJ, HURD and KOVACHY, JJ, concur.